IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21-170 |
| MOSHE PORAT | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PERMIT NEIL D. THEOBOLD TO TESTIFY AT TRIAL USING REMOTE VIDEOCONFERENCING OR, IN THE ALTERNATIVE, TO CONDUCT A RULE 15 DEPOSITION**

The United States of America, through its attorneys, Jennifer Arbittier Williams, Acting United States Attorney, and Mark B. Dubnoff, Nancy E. Potts and MaryTeresa Soltis, Assistant United States Attorneys, hereby responds to Defendant Moshe Porat's Motion to Permit Neil D. Theobold to Testify at Trial Using Remote Videoconferencing Or, In the Alternative, to Conduct a Rule 15 Deposition. ECF No. 76.

## INTRODUCTION

Defendant Porat seeks the testimony of Neil D. Theobold, former President of Temple University. Porat claims that Theobold will offer testimony as a character witness and will speak to "the university's emphasis on annual rankings." Def. Mem. at p. 3. Porat asserts that Theobold is not able to testify in person at trial because he lives and works in Wyoming, has professional commitments, and has "pandemic-related difficulties in traveling from Wyoming to … Philadelphia." *Id.* at p.4-5. As such, he asks permission to have Theobold testify via remote video technology or, alternatively, by deposition conducted pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

This motion requests a radical departure from standard practice of this Court. Despite the fact that this Court is now regularly holding trials with jurors, counsel, court personnel and witnesses physically present in the courtroom, Porat seeks to alter this Court's practice by presenting Theobold via videoconference. Porat states that the witness has other commitments and is reluctant to travel the great distance to Philadelphia. Porat does not state that the witness will refuse to appear if served with a subpoena, nor does he say that the witness has medical issues that prevent his travel. Rather he seeks an accommodation for a busy former colleague. With no medical rationale to justify a deviation from standard practice, this Court should not permit Theobold to tesify in this manner.

In the alternative, Porat suggests that, less than a week before trial, the Court order, and admit at trial, a Rule 15 deposition of this witness. As with his first option, Porat has failed to meet his burden to establish that Theobold is unavailable as required by Rule 15. Only proof of a physical or mental illness that would prevent his appearance at the courthouse would qualify this witness as unavailable. Falling far short of that standard, defendant claims the witness has other commitments, lives far from the courthouse, and travel is difficult due to the pandemic. Inconvenience to a witness falls does not entitle defendant to a Rule 15 deposition. Defendant's motion should be denied.

## ARGUMENT IN REPLY

Conceding that there is virtually no precedent for the relief he seeks, Porat cites a single instance in November 2020, in which a district court permitted testimony via videoconference. Porat relies on *United States v. Davis*, 2020 WL 6196741 (D. DE. Oct. 22, 2020) where the District of Delaware permitted trial testimony via videoconference for witnesses who resided a significant distance from the courthouse and for most of whom, because of age or

documented medical concerns, travel in the Fall of 2020 was ill-advised due to the COVID-19 pandemic. The COVID-19 related concerns surrounding travel, however, were different in the Fall of 2020 than they are at present in that the COVID vaccine was not yet available and many jurisdictions, including this one, remained in modified operational status due to the pandemic at that time. While the COVID-19 pandemic is still ongoing, vaccines are universally available, booster shots have been authorized and court operations have changed drastically in the intervening year. Thus, while there may be some level of risk to Theobold associated with traveling to court, that risk is substantially mitigated from the risk posed to the witnesses in *Davis*. Based on this record, the risk to Theobold is no different than that presented to any other witness required to travel a significant distance to testify at trial.

Porat's Rule 15 argument, which undergirds his requests for testimony via video and a Rule 15 deposition, rests on a false premise: that Theobold is unavailable. Under Federal Rule of Criminal Procedure 15(a), a prospective witness may be deposed to preserve testimony for trial. However, Rule 15(f) provides that the testimony is only admissible at trial if the proponent can satisfy the standard of unavailability imposed by Federal Rule of Evidence 804. Defendant Porat has not established that Theobold is unavailable for purposes of Rule 804. Therefore, his deposition testimony would not be admissible, and no deposition should be taken.

The Federal Rules of Evidence require a party to be unavailable in order for their testimony to be presented via deposition. F.R.E. 804. At trial, "whatever latitude exists to permit the taking of depositions to *preserve* testimony for use at trial, disappears when the deposition is sought to be introduced at trial." *United States v. Ismaili,* 828 F.2d at 162, n. 7 (citing *United States v. Mann,* 590 F.2d 361, 367 (1st Cir.1978)). Therefore, prior to playing any portion of the videotaped deposition at trial, Porat must "make a new and different showing of unavailability

during trial." *United States v. Karoly*, No. 08-592, 2009 WL 1872083, at *3 (E.D. Pa. June 29, 2009). Such a showing is made, for example, by production of a doctor's note during trial stating that the witness remains unable to travel for medical reasons *See id.* (discussing *United States v. Coker,* 1992 WL 59156, at *1 (E.D.Pa. Mar. 18, 1992) (witness unavailable due to a complicated pregnancy).).

This was the dictate of *United States v. Karoly,* referenced by Dr. Porat at page 7 of his brief. There, the government requested a video deposition of "an elderly and ill trial witness" and provided a letter from one of the witness' treating physicians. 2009 WL 1872083, at *1. The court ruled that, in that instance with a witness who had at least five documented medical conditions and a history of cancer, the government had demonstrated exceptional circumstances and permitted the taking of the deposition. *Id.* at *2. The court, noted, however, that the government had to demonstrate continued unavailability under FRE 804 in order to admit the videotaped testimony at trial. *Id.* at *3.

Both Federal Rule of Criminal Procedure 15 and the authorities addressing the use of remote video testimony contemplate that the proposed witness must be unavailable as that term is defined by Rule 804 (a)(4) of the Federal Rules of Evidence. *See, e.g., United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999); *United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir. 1987) ("when the district court exercises its discretion in ruling on a Rule 15(a) motion, considerations of materiality (of the testimony) and unavailability (of the witnesses) remain critical); *United States v. Johnson,* 752 F.2d 206, 209 (6th Cir.1985) (unavailability still an important factor in determining whether exceptional circumstances exist under Rule 15); *accord United States v. Karoly,* 2009 WL 1872083, at *1 (E.D. Pa. June 29, 2009); *United States v. Fleet Mgmt. Ltd.*, No. CR.A.07-279, 2007 WL 2463364, at *1 (E.D. Pa. Aug. 28, 2007)

Pursuant to Rule 804, a witness is unavailable if he or she is exempted from testifying due to privilege, refuses to testify despite a court order to do so, testifies to not remembering the subject matter, cannot be present to testify because of death or a then existing infirmity, physical illness, or mental illness, or is absent and the proponent cannot procure the attendance of the witness.[1] F.R.E. 804(a)(1-5). Defendant Porat has not met his burden to show the existence of any of these circumstances. While the decision of a motion such as this rests within the court's discretion, "it is difficult to conceive of a district court abusing its discretion by denying a Rule 15(a) motion where the movant has not established both the materiality of the testimony and the unavailability of the witness." *United States v. Ismaili*, 828 F.2d at 159.[2] *See also United States v. Karoly,* 2009 WL 1872083, at *1 (materiality remains critical in determining whether the exceptional circumstances contemplated by Rule 15 exist). The burden of proving such exceptional circumstances falls on the moving party. *Id. See, e.g., United States v. Fleet Mgmt. Ltd.*, No. CR.A.07-279, 2007 WL 2463364, at *2 (witness who is beyond the subpoena power of the United States and expressed an unwillingness to travel from India is unavailable for purposes of permission to conduct a Rule 15 deposition); *United States v. DiGideo,* No. 04-100, 2004 WL 1535783, at *1 (E.D. Pa. June 18, 2004) (Rule 15 deposition permitted where case agent was unavailable due to military deployment to Iraq); *United States v. McDade,* No. 92-249, 1994 WL

---

[1] Federal Rule of Evidence 804(b) speaks to former testimony by an unavailable witness, a statement under the belief of imminent death, a statement against interest, a statement of personal or family history or a statement offered against a party who wrongfully caused a declarant's unavailability.

[2] While Dr. Porat claims that he need not demonstrate unavailability before being permitted to take a Rule 15 deposition, he ignores the direction of *Ismaili and Karoly,* both of which he cites in his brief, that Rule 15's "exceptional circumstances" encompass both factors of materiality and unavailability. *United States v. Ismaili,* 828 F.3d at 159.

161243, at *1-2 (E.D. Pa. Apr. 15, 1994) (allowing Rule 15 depositions of elderly witnesses who were "less likely to remain available" for trial).

Porat cannot demonstrate that Theobold is unavailable now or at the time the defense may seek to introduce his videotaped or videoconference testimony at trial. Porat does not assert that Theobold meets any of the Rule 804(a) criteria and makes no effort to offer medical documentation of his unavailabililty. Rather, he complains of the inconvenience of travel from Wyoming, the interruption to Theobold's professional commitments and the risk factors associated with the COVID-19 pandemic related travel. None of this, however, makes him unavailable to testify in person as defined by Rule 804. *See United States v. Ismaili*, 828 F.2d at 160 (witness' unwillingness to travel did not make him unavailable).

Nor does it differentiate Theobold from many of the witnesses who will be called to testify at trial. Many of the witnesses are working professionals with work-related commitments; witnesses on both sides will be traveling significant distances; and each and every person who enters the courthouse, whether they are a witness or not, must deal with the pandemic-related risks associated with such travel. Theobold is no different than any other witness called to testify by either party and, absent unavailability pursuant to FRE 804, which he cannot establish, he should testify in person. [3]

Additionally, Porat offers no explanation for this last-minute request and it is difficult to discern when, in the remaining three business days prior to trial such a Rule 15 deposition could be conducted in Wyoming (if one were permitted by the Rules). Surely, if Theobold can clear his professional schedule to sit for a trial deposition, he can do the same to travel to Philadelphia for a day and testify before the jury in person.

---

[3] The government expects to rest between November 17th and 19th, so the defense could arrange to have the witness fly to Philadelphia over the weekend and testify Monday morning, November 22nd.

## CONCLUSION

For all of these reasons, the government respectfully submits that Porat's request for video conference testimony or a Rule 15 deposition should be denied.

Respectfully yours,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


*/s/ Mark B. Dubnoff*
MARK B. DUBNOFF
NANCY POTTS
MARYTERESA SOLTIS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Michael A. Schwartz, Esq.
>Richard J. Zack, Esq.
>Tiffany Nichols Bracewell, Esq.
>Troutman Pepper Hamilton Sanders LLO
>3000 Two Logan Square
>18th And Arch Streets
>Philadelphia, Pa 19103
>
>Jay P. Lefkowitz, Esq.
>Robert Allen, Esq.
>Kirkland & Ellis
>601 Lexington Ave
>New York, Ny 10022

>*/s/ Mark B. Dubnoff*
>MARK B. DUBNOFF
>MARYTERESA SOLTIS
>Assistant United States Attorneys

Dated:  November 2, 2021.