IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MOSHE PORAT | CRIMINAL ACTION<br>NO. 21-170 |

**February 28, 2022**

## MEMORANDUM ORDER

Moshe Porat's Motion to Continue Sentencing (ECF 148) is **DENIED**.

The jury convicted Porat of conspiracy to commit wire fraud and wire fraud on November 29, 2021 (ECF 117), at which time the Court scheduled sentencing for March 11, 2022, 102 days hence. During an off-the-record telephone conference on January 12, 2022 (ECF 129), Porat's lawyer suggested a continuance of the sentencing due to his client's need to care for his wife, Dr. Rachel Porat, who had recently undergone back surgery after suffering a fall in her home on October 25, 2021. According to counsel, Porat's duties as caregiver would impact the time his client had to help prepare, among other things, the arguments they wished to make to the Court, specifically "on the § 3553(a) factors." The Court disagreed, noting that sentencing remained more than two months away—more than enough time for the two major law firms retained by Porat, one in New York and one in Philadelphia, to formulate their arguments in consultation with their client. The Court made clear its intention to maintain the existing schedule.

Since that time, the Probation Office has worked diligently to prepare the Presentence Investigation Report, and Porat's legal team has, as the Government

1

points out, already submitted a twelve-page, single-spaced letter with general objections to the draft PSR and specific objections to thirty-seven numbered paragraphs. (ECF 149 at 2–3.) The Probation Office recently told the Court the final PSR will be completed on March 4, the date by which the parties must file their sentencing memoranda.

Last week, Porat filed his Motion to Continue Sentencing, and the Government responded this morning. (ECF 148; ECF 149.) The Government, as does the Court, notes that while the current Motion seeks to delay sentencing "for at least approximately thirty days," based on Porat's need to provide his wife "24-hour care and supervision," it also states that Rachel Porat will continue to require that level of care and supervision "for the foreseeable future." (ECF 148 at 2–3.) This of course sets up the probability the Court will see another motion to continue "at least approximately thirty days" from now.

Mrs. Porat's health setbacks, including a second "revision" procedure on February 2, are unfortunate, and the Court wishes her a complete recovery.[1] (Mot. to Continue Sentencing 2.) Her medical issues do not, however, justify delaying her husband's sentencing any more than they did on January 12, when the Court denied the same request the first time.

Moshe Porat claims he is the only person, apparently at any point in the day on every day, who can provide any care or supervision for his wife because her "medication treatment for rheumatoid arthritis" renders her immunocompromised. (*Id.*) This, on

---

[1] Her back pain has subsided as a result of the revision. (Letter from Dr. Roger E. Stumacher, Ex. B, ECF 148-2.) Mrs. Porat was also hospitalized on February 20 "for a kidney stone that requires urologic intervention." (Mot. to Continue Sentencing 2.)

advice of doctors, ostensibly precludes anyone else from entering the Porat home to minimize her risk from COVID-19 infection.  (*Id.*)

First of all, the pandemic is again waning, with various mitigation measures being discontinued by the CDC.  Second, notwithstanding the rise of the Omicron variant, Mrs. Porat, while in a wheelchair, attended every day of her husband's trial in November of 2021.  Also attending the trial each day were the Porats' two adult children, who, along with other family members and close family friends (some of whom, including her back surgeon, testified as character witnesses at trial), could provide Moshe Porat respite from his caregiving responsibilities.  Indeed, Porat never contends that his wife's purportedly heightened risk of contracting COVID-19 has precluded family or friends from visiting the Porat home.  So, too, could professionals who are, unlike Moshe Porat, trained in helping people recover from medical procedures.

More to the point, neither Mrs. Porat's medical needs nor her husband's caregiver duties should prevent Porat from communicating as needed with his legal team.  The two large firms will continue to thoroughly and vigorously represent their client—as witnessed by their extensive litigation (undoubtedly with their client's active participation) over the PSR and what the Court can expect to be an equally extensive effort in their upcoming sentencing memorandum.  Any claim that Moshe Porat is unable to "sufficiently review and comprehend" the PSR and prepare for his sentencing is meritless, and the assertion that Rachel Porat's recovery from procedures on her back has prevented her "from providing a character reference letter" on her husband's behalf is ridiculous.  (*Id.* at 2–3.)  The Court will welcome and give due weight to insights into

her husband's "character and contributions" in whatever form she, or other family members and friends, wish to present them, including by video if necessary. (*Id.*)

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4