**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

MOSHE PORAT

CRIMINAL ACTION
NO. 21-170

**PAPPERT, J.**                                                          **May 2, 2022**

**MEMORANDUM**

On November 29, 2021, a jury convicted Moshe Porat of conspiracy to commit wire fraud and wire fraud.  The Court sentenced him to fourteen months in prison and imposed a $250,000 fine.  Porat must begin serving his sentence on May 9.  He wants to be released on bail and have his fined stayed while he appeals his conviction and sentence.  The Court denies his motion.

I

There is a presumption against bail pending appeal.  *United States v. Foxworth*, No. 14-540, 2019 WL 454426, at *2 (E.D. Pa. Feb. 4, 2019); 18 U.S.C. § 3143(b)(1).  To overcome this presumption, the defendant must show (1) by clear and convincing evidence he is unlikely to flee or be a danger to others and (2) the appeal is not for the purpose of delay and raises a "substantial question" that, if resolved in his favor, is "likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."  *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985); § 3143(1)(A)–(B).

1

A question is "substantial" if it is "debatable among jurists of reason." *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  The substantiality of a question must be determined on a case-by-case basis.  *Id.* at 89 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).  A question may be substantial even if the Court thinks it unlikely to be resolved in the defendant's favor, but substantiality is a more demanding standard than mere non-frivolity.  *Miller*, 753 F.2d at 23.  The absence of controlling authority is not determinative.  *Smith*, 793 F.2d at 89.  Even if a question is substantial, bail is not authorized unless the issue is "sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial."  *Miller*, 753 F.2d at 23.

II

At sentencing, the Court found that Porat is not a flight risk or a danger to the community.  (Sentencing Hr'g Tr. at 156:13–14, ECF 164.)  The Government does not contest these findings, nor does it argue Porat's appeal is for the purpose of delay. (Resp. Opp'n Mot. for Bail at 4, ECF 172.)  The issue is whether Porat has established his appeal raises a substantial question likely to result in reversal or a new trial.  He has not.

Porat's motion is perfunctory.  He does not identify the specific issues he intends to raise on appeal.  He merely asserts he is "likely to raise . . . at least some of the issues" presented in his post-trial motion and "may . . . raise additional claims," including those he made in his motion to dismiss the indictment.  (Mem. Supp. Mot. Release at 2–3, ECF 170.)  Porat offered no more details at sentencing or in his

2

previous filings.  *See* (Def.'s Reply to Sentencing and Restitution Memoranda at 4, ECF 160); (Sentencing Hr'g Tr. at 154:5–23).  But "shotgun references" to potential appellate issues are not enough.  *United States v. Brand*, 224 F. Supp. 3d 437, 442 (E.D. Pa. 2016).  It is Porat's burden, not the Court's, to identify an appellate issue that is both substantial and likely to result in reversal or a new trial.  *Miller*, 753 F.2d at 24.  He makes no attempt to show why any particular issue satisfies that standard.

The issues Porat raised in his post-trial motion are not fairly debatable.  As the Court explained in its memorandum denying the motion, none of his challenges have merit.  *See generally* (Mar. 8, 2022, Mem. Op., ECF 157).  Moreover, many of the issues raised would not affect Porat's convictions even if they were resolved in his favor.  *See*, *e.g.* (*id.* at 48–49, 49–50, 54–55, 62).

Porat alludes to the substance of only one potential appellate argument in his motion—that his convictions were invalid because students do not have a property interest in their business school's ranking or reputation.  (Mem. Supp. Mot. Release at 3); *see also* (Mem. Supp. Mot. Dismiss Indictment at 8–14, ECF 24).  But the Court instructed the jury it could only convict Porat could if he intended to defraud students, applicants and donors of *money*.  (Mar. 8, 2022, Mem. Op. at 55–59); *see also* (Trial Tr. Day 10 at 84:12–17, ECF 137).  The Government's theory was that Porat devised a fraudulent scheme "to get money, money for Temple University's Fox School of Business and money for himself."  (Trial Tr. Day 10 at 12:24–25); *see also* (*id.* at 46:12–13, 46:24–47:1, 47:6, 55:19–20; 56:23).  It never suggested the students had a property

3

interest in the school's rankings or reputation, separate and apart from the money they paid to attend.

The evidence at trial showed the value of a Fox degree was tied to the program's ranking, and that Porat wanted to inflate the school's rankings in order to increase tuition revenue.  (Mar. 8, 2022, Mem. Op. at 41–44, 49–50); *see also* (Mar 16, 2022, Mem. Op. at 16–17, ECF 166).  Even if there were a question about whether students' tuition dollars are "money"—there is not—the Government established that Porat sought to defraud donors of money as well.  (March 8, 2022, Mem. Op. at 43, 46–47.) However fervently Porat wishes this case were about value of rankings in-and-of themselves, the fraud he perpetrated on donors cannot be understood in anything other than monetary terms.  There is no substantial question about whether Porat was properly convicted of a scheme to defraud his victims of money.

### III

Porat requests his fine be stayed pending appeal.  Federal Rule of Criminal Procedure 38(c) permits a district court to "stay a sentence to pay a fine . . . on any terms considered appropriate."  Porat argues that a stay is appropriate "for the same reasons that release is."  (Mem. Supp. Mot. Release at 3.)  Having rejected Porat's arguments for bail pending appeal, there is no reason to stay payment of his fine.

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

4